WESTERN UNION TELEGRAPH COMPANY v. M. E. BLAIR.

Decided June 20, 1908.

**1.—Trial—Postponement—Absence of Witness.**

The refusal of the court to postpone a trial or continue a case because of the absence of a non-resident witness whose attendance at the trial was expected, is not reversible error when the party desiring to use the witness had exercised no diligence to obtain his testimony.

**2.—Mental Anguish—Presumption.**

From the relationship of mother and daughter it will be presumed that the mother suffered mental anguish in being deprived of the opportunity of attending the daughter's funeral. Affirmative proof of suffering is not necessary.

Appeal from the District Court of Dallam County. Tried below before Hon. J. N. Browning.

*Veale & Underwood,* for appellant.

*Reese Tatum,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Mrs. M. E. Blair sued the Western Union Telegraph Company and received a judgment for four hundred dollars for damages for its negligent failure to deliver to her a telegraphic message informing her of the serious illness of her daughter, by reason of which she was deprived of the comfort of being at her bedside prior to her death. The defendant has appealed, and asks for a revision of the judgment on proper assignments of error.

It is first urged that the trial court erred in refusing to postpone the further hearing of the cause so that the appellant might be able to produce the witness Fournier, its former employe and operator at Dalhart, the home of appellee, the sendee in the message, who was, at the time of the trial, out of the employ of the company and out of the State. The bill of exception shows that by said witness it was expected to be shown that the message was received at Dalhart at 11:55 a. m., and that it was immediately taken from the wire of defendant company and was given to the messenger boy, who at once left with it, going in the direction of appellee's home. The bill further shows that when appellant was called to announce for trial it announced that it would not be ready because of the absence of this witness, but that she would in all probability reach Dalhart, where the case was being tried, within a few hours, and asked the court to postpone the trial, which the court refused to do. But by agreement of counsel, and with the consent of the court, it was understood that the trial was to proceed, and that when the testimony available was all in, if said witness had not arrived in Dalhart, the trial might then be postponed until her arrival, but that when the other testimony had been introduced, and the witness had not yet arrived, the court declined to wait longer, and forced appellant to close its case without the testimony of this witness. It is shown that the witness would have testified as set out above, and the court, in explanation of his ruling, appears to put it on the ground that the testimony would only be cumulative of that of the witness Thorne, appellant's messenger boy. However that may be, appellant can not insist on a reversal for this ruling because, clearly having used no diligence whatever to obtain the testimony of this witness, it was in no position to ask for a continuance or postponement to procure her testimony, and was not caused to forego any right whatever by reason of the agreement with counsel above set forth. If the court had overruled the application for postponement in the first place (as he in effect did), appellant could not have complained, and we can not see that the agreement with counsel changes the situation in the least respect.

Appellant urges that the court's charge assumes that appellee's daughter was dying at the time the message was sent, but it is immaterial whether she was then actually dying or not, and if the court erroneously assumed that she was, it could not possibly have affected appellant's rights, since undisputably she did die within a few hours after the transmission of the message, and the real issue as to appellant's liability was submitted to the jury and by them found adversely to appellant. Nor do we think the use of the word "dying" in that connection, under the circumstances, was at all calculated to unduly affect the jurors to appellant's prejudice.

The seventh and last assignment, complaining that the verdict is not supported by the evidence, is also overruled. It is not necessary that there should have been affirmative testimony that appellee suffered mental anguish, since there is a presumption, from the relation shown, that she did suffer such anguish. Of course, this presumption is capable of being rebutted by testimony, but we find nothing in the record that would so overcome the presumption as to require us to set aside the verdict. Besides, appellee's testimony tends to show that she did suffer mental anguish. The fact that she did not attend the funeral on the next day is explained by her testimony that she was suddenly taken ill, and could not travel on the early train, which she would have had to take the next morning to attend the funeral. At most, the circumstances only made a controversy which the jury has settled.

Finding no error, we affirm the judgment.

*Affirmed.*

Writ of error refused.